IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, #02463655, PLAINTIFF, | § § § § | |
| v. | § § | CASE NO. 3:23-CV-1945-D-BK |
| DALLAS COUNTY, DBA DALLAS COUNTY DISTRICT ATTORNEYS OFFICE, ET AL. DEFENDANTS. | § § § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. The Court granted the motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 14. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim

### I. BACKGROUND

On August 29, 2023, Plaintiff Shedrick Thornton, a Dallas County Jail detainee, filed a civil rights complaint against the Dallas County District Attorney's (DA's) Office and personnel and Judge Tina Y. Clinton. Doc. 3. In the amended complaint ("operative complaint"), Thornton names as Defendants Dallas County, doing business as the DA's Office, Jane Doe Assistant DA, the State of Texas, and Judge Clinton. Doc. 19 at 3. Thornton alleges racial discrimination, equal protection violations, and malicious prosecution. Doc. 19 at 4, 6-14.

Thornton asserts that Judge Clinton and Jane Doe Assistant DA denied Thornton the opportunity to contest his competency to stand trial, while permitting a fellow inmate, Jesse Haskell, to do so. Doc. 19 at 4. As a result, Thornton contends that he was transferred to a mental health facility to restore his competency and that this delayed his criminal proceedings and lengthened his unconstitutional confinement. Thornton seeks $10 million in damages for violating his constitutional rights. Doc. 19 at 4; Doc. 19 at 16.[1]

Upon review, the Court concludes that Thornton's action should be dismissed with prejudice for failure to state a claim.

## II. ANALYSIS

Because Thornton is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a

---

[1] Thornton contends this action arises from his prosecution in Dallas County Case Number F14-76804. Doc. 19 at 4. However, a review of online records confirms that on March 2, 2022, Thornton was committed to a state hospital to restore his competency in Case No. F19-70256 not Case No. F14-76804. After his competency was restored, Thornton pled guilty to violation of a protective order on August 3, 2023, and was sentenced to five years' imprisonment, for which he is now confined in TDCJ. *See* https://www.dallascounty.org/services/record-search/ (last accessed on Feb. 6, 2024).

2

claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Thornton's operative complaint fails to state a claim.

First, Thornton's claims against the State of Texas, the Assistant DA, and Judge Clinton fail as a matter of law, as each is entitled to either sovereign or absolute immunity. Eleventh Amendment immunity bars suit against a state or state entity, whether money damages or injunctive relief is sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989) (States are not persons subject to suit under section 1983 because of the Eleventh Amendment). Therefore, Thornton cannot sue the State of Texas for monetary damages or injunctive relief under § 1983 for alleged constitutional violations during his criminal proceedings.

Additionally, any complaint about the trial judge's actions in allegedly failing to permit Thornton to contest his competency are barred, because such actions were performed in the trial judge's judicial capacity and function. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Likewise, Thornton's claim for monetary damages against Jane Doe Assistant DA is barred by the doctrine of absolute immunity. A prosecutor is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in initiating, investigating, and

3

pursuing a criminal prosecution. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997).

As indicated, Thornton also sues Dallas County, doing business as the DA's office. Doc. 19 at 3. Dallas County, however, may be held liable only upon a showing that an official policy or custom caused the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978). A county does not automatically incur § 1983 liability for injuries caused solely by its employees, and it cannot be held liable on a *respondeat superior* theory. *Id.* at 694; *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023). Thornton's operative complaint fails to identify an official policy or practice resulting in the deprivation of his constitutional rights. So his claims against Dallas County lack facial plausibility.

Lastly, Thornton may not sue a servient political agency or department, such as the Dallas County DA's office, unless such agency or department enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."); *see also Blaney v. Meyers*, No. 3-08-CV-1869-P, 2009 WL 400092, at *2 (N.D. Tex. Feb. 17, 2009) (finding DA's office is a non jural entity). Thus, to the extent Thornton seeks relief from the DA's office, an entity that is not subject to suit under § 1983, his allegations fail to state a claim.[2]

---

[2] Ordinarily a *pro se* plaintiff who names a non jural entity as a defendant should be alerted and allowed to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). In this case, Thornton will be able to respond and name any other defendant during the 14-day period for filing objections to the findings, conclusions, and recommendation, as set out below. *Id.* (noting that magistrate judge's report and recommendation is sufficient to notify the *pro se* plaintiff of the deficiency).

In sum, Thornton's operative complaint raises claims that fail as a matter of law and thus should be dismissed.[3]

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed above Thornton's claims are fatally infirm. Based on the legal theories and facts Thornton posits, he cannot, as a matter of law, state a plausible legal claim. Thus, the Court concludes that Thornton has already pleaded his best case and granting further leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, this action should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on February 29, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] If Thornton intends to imply the invalidity of his conviction, his claims are also barred unless his conviction has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87(1994).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).