IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON,<br>#02463655, | §<br>§<br>§ | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1945-D |
| | § | |
| DALLAS COUNTY d/b/a DALLAS<br>COUNTY DISTRICT ATTORNEY'S<br>OFFICE, et al., | §<br>§<br>§ | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In her findings, conclusions, and recommendation ("FCR") filed on February 29, 2024, the magistrate judge recommends that this action be summarily dismissed with prejudice for failure to state a claim. Plaintiff Shedrick Thornton ("Thornton") filed objections to the FCR on March 19, 2024. Following *de novo* review of the FCR and the record, the court concludes that the magistrate judge's findings and conclusions are correct in part. Accordingly, Thornton's claims against the State of Texas are dismissed with prejudice, Thornton is granted leave to replead his claims against defendants Jane Doe ("Doe"), Judge Tina Clinton ("Judge Clinton"), and Dallas County within 28 days of the date this memorandum opinion and order is filed, and this case is re-referred to the magistrate judge for further proceedings.

I

The court adopts the magistrate judge's conclusion that Thornton's claims against the State of Texas fail as a matter of law, because the State of Texas is entitled to Eleventh Amendment sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The court dismisses these claims with prejudice.

II

The court declines to adopt the FCR insofar as the magistrate judge concludes that Thornton's claims against Doe, an assistant district attorney, fail as a matter of law based on sovereign and absolute immunity.

Whether an assistant district attorney can be held liable under 42 U.S.C. § 1983 depends on the capacity in which she is sued and the type of acts in which she engages. "[A] suit against a state official in . . . her official capacity is not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Any claims brought against a state official in her official capacity are therefore barred pursuant to the state's Eleventh Amendment sovereign immunity. *See Will*, 491 U.S. at 66.

But a state official can be liable in a § 1983 action in her individual capacity if, "acting under color of state law, [she] caused the deprivation of a federal right." *Graham*, 473 U.S. at 165-66 (citations omitted); *see Hafer v. Melo*, 502 U.S. 21, 31 (1991); *Alden v.*

*Maine*, 527 U.S. 706, 756-57 (1999). "A person acts 'under color of state law' if [she] engages in the '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . .'" *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010) (quoting *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (per curiam)). She may, however, enjoy immunity depending on the nature of her alleged actions. The Fifth Circuit has held, for example, that "an assistant district attorney . . . can[not] be held liable for prosecutorial actions taken on behalf of the state in the course of judicial proceedings." *Esteves v. Brock*, 106 F.3d 674, 676 (5th Cir. 1997); *see Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (per curiam) (citation omitted) ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.").

To the extent that Thornton's amended complaint alleges claims against Doe in her official capacity, they are barred by the Eleventh Amendment. To the extent he alleges claims against Doe in her individual capacity, however, the claims are not categorically barred. But Thornton's amended complaint does not clearly indicate the capacity in which he is suing Doe.

When a district court "could not have determined from [the plaintiff's] complaint whether [the plaintiff] was suing [the defendant] in her individual or official capacity, . . . the district court abuse[s] its discretion in dismissing his case." *Davidson v. Stockton*, 77 F.3d 478, 478 (5th Cir. 1996) (per curiam) (footnotes omitted). In such a situation, the district court must instead "ask [the plaintiff] to file a more definite statement or conduct a *Spears*

hearing to clarify his allegations." *Id.*

Accordingly, the court declines to adopt the FCR to the extent that it recommends that Thornton's claims against Doe be dismissed with prejudice. The court concludes instead that Thornton should be granted leave to replead so that he can clarify the capacity in which he sues Doe and plead any claims that he seeks to allege against her in her individual capacity.

III

The court declines to adopt the FCR to the extent it concludes that Thornton's claims against Judge Clinton fail as a matter of law based on sovereign and absolute immunity.

It is unquestionable that "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)); *see Will*, 491 U.S. at 71. And in their individual capacity, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see Stump v. Sparkman*, 435 U.S. 349, 355-56, 361-62 (1978).

But Texas judges can be held liable in their individual capacity in an action under § 1983 for other types of acts. *See Graham*, 473 U.S. at 165-66; *Lewis v. Clarke*, 581 U.S. 155, 163 (2017) (cleaned up) (holding that, under the Eleventh Amendment, "[d]efendants in an official-capacity action may assert sovereign immunity," but "sovereign immunity does not erect a barrier against suits to impose individual and personal liability"). Judicial

immunity "can be overcome . . . by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd*, 31 F.3d at 284-85 (internal citations omitted).

To the extent Thornton's amended complaint alleges claims against Judge Clinton in her official capacity, his claims are barred by the Eleventh Amendment. But insofar as he alleges claims against Judge Clinton in her individual capacity, these claims are not categorically barred. Because Thornton's amended complaint does not clearly indicate the capacity in which he intends to sue Judge Clinton, the court declines to adopt the FCR to the extent that it recommends that Thornton's claims against her be dismissed with prejudice. *See Davidson*, 77 F.3d at 478. The court instead grants Thornton leave to replead so that he may clarify both the capacity in which he sues Judge Clinton and the factual allegations, if any, that he seeks to allege against in her individual capacity.

IV

The court declines to adopt the FCR to the extent it concludes that Thornton's claims against defendant "Dallas County d/b/a District Attorney's Office" fail as a matter of law. The court construes these claims as made against Dallas County, not as claims against the Dallas County District Attorney's Office itself.[*]

---

[*]The manner in which Thornton names this defendant in his amended complaint and the content of his objections lead the court to conclude that Thornton is seeking relief from Dallas County, not from the Dallas County District Attorney's Office itself. The court therefore does not address the merits of any claims Thornton asserts in the amended complaint that could be construed as seeking relief from the Dallas County District Attorney's Office as a separate jural entity.

A county does not automatically incur § 1983 liability for injuries caused solely by its employees, and it cannot be held liable on a theory of *respondeat superior*. *Monell*, 436 U.S. at 694; *Martinez v. Nueces County*, 71 F.4th 385, 389 (5th Cir. 2023). But a county "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Furthermore, a county "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91. To succeed on this type of claim—called a *Monell* claim—the plaintiff must show that "(1) an official policy (2) promulgated by a municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Webb v. Town of St. Joseph*, 925 F.3d 209, 215 (5th Cir. 2019) (quoting *Davidson v. City of Stafford*, 848 F.3d 384 395 (5th Cir. 2017)); *see Martinez*, 71 F.4th at 389 (same).

Whether a district attorney acts as a "municipal policymaker" for *Monell* purposes "is determined by state law and by an analysis of the duties alleged to have caused the constitutional violation." *Esteves*, 106 F.3d at 677 (footnotes omitted). "Texas law makes clear . . . that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted," and therefore is not acting as a "municipal policymaker." *Id.* at 678; *see Brown v. City of Houston*, 2018 WL 1333883, at *4 (S.D. Tex. Mar. 15, 2018) (Rosenthal, J.)

(quoting *Carter v. City of Philadelphia*, 181 F.3d 339, 352 (3d Cir. 1999)) ("[C]ounty or municipal law enforcement officials may be State officials when they prosecute crimes or otherwise carry out policies established by the State[.]"). District attorneys act in their prosecutorial capacity when, for example,

> (1) instituting criminal proceedings to enforce state law; (2) determining whether to initiate or dismiss criminal charges; (3) using peremptory challenges during jury selection; (4) denying a prisoner the right to proceed *in forma pauperis* on appeal and the right to self-representation; [and (5)] exercising delay in the presentation of the case to the grand jury.

*Zinter v. Salvaggio*, 2021 WL 1381231, at *4 (W.D. Tex. Apr. 12, 2021) (internal citations omitted). District attorneys act as "municipal policymakers," however, "when they manage or administer their own offices." *Brown*, 2018 WL 1333883, at *4 (quoting *Carter*, 181 F.3d at 352); *see Esteves*, 106 F.3d at 678 ("For those duties that are administrative or managerial in nature, the county may be held liable for the actions of a district attorney who functions as a final policymaker for the county."). Such non-prosecutorial functions include "hiring or firing within the district attorney's office." *Zinter*, 2021 WL 1381231, at *4 (quoting *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001)).

To satisfy the third element of a *Monell* claim, a plaintiff has three options:

> First, a plaintiff can show written policy statements, ordinances, or regulations. Second, a plaintiff can show a widespread practice that is so common and well-settled as to constitute custom that fairly represents municipal policy. Third, even a single decision may constitute municipal policy . . . when the official or entity possessing final policymaking authority for an action performs the specific act that forms the basis of the § 1983 claim.

*Webb*, 925 F.3d at 215 (collecting cases).

In his amended complaint, Thornton alleges that "racial discrimination by the Dallas County District Attorney's Office is a persistent, widespread practice that constitutes a custom for which the County is liable." Am. Compl. 6. He also asserts that "[t]he granting of preferential treatment to inmate Jesse Haskell (white male #22027598) by Jane Doe (Asst. DA) on January 26, 2023, is the practice and custom of Dallas County District Attorney's Office to racially discriminate," and that "Jane Doe violated the equal protection clause of the Fourteenth Amendment." *Id.* He then quotes *Esteves* for the proposition that "Texas district attorneys and assistant district attorneys are not considered agents of the state 'for those duties of a prosecutor that are administrative and managerial in nature,'" although he does not spell out a contention that Doe's denial of an opportunity to contest his competency to stand trial constituted an administrative or managerial duty such that Dallas County can be liable under *Monell*. *Id.* (quoting *Esteves*, 106 F.3d at 678).

Even construing the amended complaint liberally, Thornton has not plausibly pleaded a *Monell* claim against Dallas County. His allegations as to each element of the claim are "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements," and therefore "do not suffice." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). But because it is not "clear that the defects are incurable" and Thornton has not "advise[d] the court that [he] is unwilling or unable to amend in a manner that will avoid dismissal," *In re Am. Airlines, Inc., Privacy Litig.*, 370

F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)), the court concludes that dismissing Thornton's claims against Dallas County with prejudice would be premature. The court therefore declines to adopt the FCR to the extent it concludes that Thornton's claims against Dallas County should be dismissed with prejudice. Instead, the court grants Thornton leave to replead so that he may attempt to plead a plausible claim against Dallas County.

\* \* \*

For the reasons explained, the court adopts the magistrate judge's FCR in part and enters a Fed. R. Civ. P. 54(b) final judgment dismissing Thornton's action against the State of Texas with prejudice. The court otherwise declines to adopt the FCR and re-refers this matter to the magistrate judge for further proceedings. The court grants Thornton leave to replead his claims against Doe, Judge Clinton, and Dallas County within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

July 10, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE