IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:23-CV-1945-D |
| | § | |
| DALLAS COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Before the court for judicial screening are the claims of plaintiff Shedrick Thornton ("Thornton").   For the reasons that follow, the court by judgment filed today dismisses Thornton's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

I

By order signed July 10, 2024, the court authorized Thornton to file an amended complaint to replead his claims against defendants Jane Doe, Judge Tina Clinton, and Dallas County.   The order required Thornton to clarify the capacities in which he sued Doe and Judge Clinton and to state the facts on which he would establish their liability.   He was required to replead his claims against Dallas County to state plausible claims against it under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

In response to the court's order, Thornton filed his amended complaint, brief in support, and exhibits.   He also filed a motion to supplement, which the magistrate judge granted. Through these documents, Thornton appears to have added a defendant, John Creuzot ("Creuzot"), although he was not authorized to do so.   And he has included voluminous legal citations and arguments not appropriately included in a pleading. The court will disregard the extraneous matters

inserted without leave and will consider only the facts pleaded in response to the court's order to replead.

II

Thornton sues Doe, an assistant district attorney in Dallas County, and Judge Clinton in their individual capacities. He alleges that Doe violated the Equal Protection Clause of the Fourteenth Amendment by giving preferential treatment to a white inmate. He specifically maintains that, on February 28, 2023, he was treated differently from Jesse Haskell ("Haskell"), a white male who was similarly situated, who was granted a hearing to challenge his competency to stand trial whereas Thornton, a black male, was not. Haskell was granted a second evaluation for competency, but Thornton was transferred to a Montgomery County Mental Health Treatment Facility for competency restoration. Thornton concludes that Doe was acting in a non-prosecutorial role because his probation for Case No. F14-76804-H had not been revoked. (As the magistrate judge previously noted, Thornton was committed to a state hospital to restore his competency in Case No. F19-70256, not Case No. F14-76804. ECF No. 25 at 2, n.1.). And, he alleges that he had to undergo competency restoration because of Doe's "lack of training regarding discriminatory effect and intent."

The court holds that Thornton's allegations are insufficient to state a plausible claim for a violation of the Fourteenth Amendment Equal Protection Clause. He only compares himself to one other individual instead of pleading that he received treatment that was different from similarly situated individuals. He has not alleged the race of Doe or Judge Clinton or given any reason to believe that either one acted with discriminatory intent. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012) (allegation that plaintiff was white and others were black is not enough

2

to state a plausible claim).   He has not pleaded that there is no rational basis for the difference in treatment between him and Haskell.   *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).   Rather, he alleges that lack of training instead of intentional discrimination caused Doe to act as she did.   *See Coleman v. Houston. Indep. Sch. Dist.*, 113 F.3d 528, 534-35 (5th Cir. 1997) (defendant herself must act with invidious discriminatory animus; that her supervisor may have had that intent is not sufficient).

Thornton also alleges that Doe and Judge Clinton engaged in malicious prosecution.   The elements of a malicious prosecution claim are: (1) commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.   *Espinal v. City of Houston*, 96 F.4th 741, 748 (5th Cir. 2024).   Malice exists when a charge is made with knowledge that it is false or with reckless disregard for its truth.   *Phillips v. L. Brands Serv. Co., L.L.C.*, 82 F.4th 291, 302 (5th Cir. 2023).   Thornton has not pleaded facts to support a plausible malicious prosecution claim.

Thornton alleges that Doe and Judge Clinton falsely imprisoned him.   False imprisonment has three essential elements: (1) willful detention; (2) without consent; and (3) without authority of law.   *Prim v. Stein*, 6 F.4th 584, 592 (5th Cir. 2021) (citing *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)).   Thornton has not pleaded facts to show that he was detained without authority of law.   He admits that he had been declared incompetent to stand trial.

Thornton alleges that Doe and Judge Clinton retaliated against him for bringing a civil rights action under No. 3:22-CV-605-C in this court.   He does not plead any facts to show that

they retaliated against him for exercising his right to bring that suit.   His conclusory allegations that their conduct was fraudulent and conspiratorial are insufficient.   He does not allege that Doe and Judge Clinton even had knowledge of his prior lawsuit.   This court's records reflect that the case was dismissed at the screening stage and that the defendants were never served.

Finally, even if Thornton had been able to plead a plausible cause of action against Doe or Judge Clinton, he has not pleaded any facts to overcome their entitlement to immunity.   He has not alleged that Doe took any actions against him that were not within the course and scope of prosecution and carrying the state criminal case through the judicial process.   As an assistant district attorney, Doe cannot be held liable for prosecutorial actions taken on behalf of the state in the course of the judicial proceedings against Thornton.   *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).   Likewise, Thornton has not alleged that Judge Clinton took any actions against him that were not within her judicial capacity and function.   She is entitled to absolute judicial immunity.   *Boyd*, 31 F.3d at 284–85.   This immunity extends even for judicial acts alleged to have been done maliciously or corruptly, as Thornton seems to allege.   *Bradley v. Fisher*, 80 U.S. 335, 351 (1871); *see Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978).

Under the heading "Ex Parte Young Exception," Thornton again alleges that Judge Clinton retaliated against him for filing No. 3:22-CV-605-C and the present lawsuit.   But there is no basis to draw the reasonable inference, and Thornton does not plead one, that Judge Clinton is or was aware of Thornton's federal court filings.   Moreover, he alleges that he is being unlawfully detained by the Texas Department of Corrections, but the record reflects that he is no longer confined in state custody.   Rather, he is currently in the Dallas County Jail following his

4

conviction and sentence of 20 years' confinement on a new charge under Case No. F-25-75071 in the 265th Judicial District Court.   He has not alleged any plausible claims under this section of his brief.

In his amended complaint, Thornton alleges that Dallas County has a persistent, widespread practice of racial discrimination.   His brief makes the same conclusory allegations in addition to alleging a failure to train.   Despite the court's having previously explained the requirements for a plausible *Monell* claim, Thornton has failed to plead facts sufficient to allege such a claim.   Naming Creuzot as a defendant would not have made any difference.

*     *     *

For the reasons explained, Thornton's claims in this action are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**SO ORDERED**.

October 2, 2025.


_____
SIDNEY A. FITZWATER
SENIOR JUDGE